# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRETT C. TITTLE,

        Plaintiff,

    v.                                          Case No. 08-C-10

UNITED STATES OF AMERICA,

        Defendant.

## DECISION AND ORDER GRANTING MOTION TO DISMISS
## AND RESOLVING OTHER MOTIONS

      The plaintiff, Brett C. Tittle, who is incarcerated at the Milwaukee County Jail, filed a pro se complaint in Milwaukee County Circuit Court alleging that Tiffany Stark made untrue statements about him to police and later at his jury trial. After the United States Attorney certified that Tiffany Stark was an employee of the Department of Veterans Affairs acting within the scope of her employment with respect to the plaintiff's allegations, the case was removed to federal court and the United States was substituted for Tiffany Stark as the defendant. The case now comes before the court for initial screening, the plaintiff's motion to reconsider the substitution of parties and removal from state court, the defendant's motions to dismiss and to strike the plaintiff's request for admissions, and the plaintiff's motion for continuance. The parties have consented to full exercise of jurisdiction by a magistrate judge.

## Complaint Averments

The plaintiff alleges that Tiffany Stark, an employee of the Veteran's Hospital in Milwaukee, made untrue statements in a police report and later at the plaintiff's jury trial. (Complaint at 1.) Ms. Stark stated that she heard the plaintiff threaten a co-worker, Nurse Marigny, and also was aware that the plaintiff called Nurse Marigny 15-20 times at work. (Complaint at 1-2.) The plaintiff contends that Ms. Stark's statements were "based on hearsay" from Nurse Marigny, who was attempting to conceal her extra-marital affair with the plaintiff. Id. According to the plaintiff, Ms. Stark could have discovered the untruthful nature of the statements "with any reasonable diligence." (Complaint at 1.) As a result of Ms. Stark's "negligent and reckless" statements and testimony, the plaintiff states he suffered harm to his character, and he seeks damages of $1.5 million. (Complaint at 2.)

## Initial Screening/Motion to Dismiss

The court is required to screen complaints brought by prisoners seeking relief against an employee of a governmental entity. 28 U.S.C. §§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The defendant in this case has also filed a motion to dismiss based on immunity under the Federal Tort Claims Act, which the court must consider as part of this initial screening

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair

2

notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). The court is obliged to give the plaintiff's <u>pro se</u> allegations, however inartfully pleaded, a liberal construction. <u>See</u> <u>Erickson</u>, 127 S. Ct. at 2200 (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." <u>Thomson v. Washington</u>, 362 F. 3d 969, 970 (7th Cir. 2004).

The plaintiff first alleges that Ms. Stark testified untruthfully at the plaintiff's trial regarding hearing the plaintiff's death threat and numerous telephone calls to Nurse Marigny, behavior that is relevant to the plaintiff's criminal charge for stalking Nurse Marigny. Wisconsin witnesses "are immune from civil liability for damages caused by false and malicious testimony, if relevant to the issues in the matter where the testimony is given." <u>Niedert v. Rieger</u>, 200 F.3d 522, 525 (7th Cir. 1999)(quoting <u>Bromund v. Holt</u>, 129 N.W.2d 149, 152 (Wis. 1964)). This absolute immunity applies to witness testimony regardless of whether the testimony was malicious or merely negligent. <u>Id.</u> at 526. The plaintiff fails to state a defamation claim with regard to Ms. Stark's trial testimony, as he alleges facts establishing that she is immune from monetary relief. One of the elements of defamation in Wisconsin is "that the statement is unprivileged" (<u>Kennedy v. Children's Service Society of Wisconsin</u>, 17 F.3d 980, 983 (7th Cir. 1994)), and the plaintiff pleads facts establishing that the trial testimony was privileged, thus dooming that aspect of his defamation claim. <u>See</u> <u>Edwards v. Snyder</u>, 478 F.3d 827, 830 (7th Cir. 2007) (discussing how plaintiff unintentionally pled himself out of court by alleging facts precluding recovery).

3

Alternatively, the plaintiff's claim regarding trial testimony fails because the plaintiff is attempting a back-door challenge to his criminal conviction, insofar as he claims that Ms. Stark's testimony against him was riddled with inaccuracies and inadmissible hearsay. The plaintiff's claim regarding this trial testimony is barred by the application of the rule set forth in <u>Heck v. Humphrey</u>, 114 S. Ct. 2364, 2369 (1994). <u>Heck</u> states that a prisoner who seeks damages in a §1983 claim must first bring a habeas corpus claim if his suit calls into question the lawfulness of his conviction and confinement. A claim is not cognizable under §1983 if it necessarily implies the invalidity of the prisoner's conviction. <u>Id.</u>

Second, with regard to Ms. Stark's statement to police, the United States was correctly substituted for Ms. Stark, who acted within the scope of her employment in providing the statement to Veterans Affairs police. The Federal Tort Claims Act (FTCA) provides the exclusive remedy for tort claims against the United States. 28 U.S.C. §§ 1346(b), 2679(a). <u>See</u> <u>also</u> <u>United States v. Smith</u>, 499 U.S. 160, 165-66 (1991). The FTCA bars the plaintiff from proceeding with a defamation claim against the United States for two reasons. First, it provides that sovereign immunity is not waived with respect to any claim arising out of libel or slander. 28 U.S.C. § 2680(h). Second, filing an administrative claim with the appropriate governmental agency is a prerequisite to suing the United States for a tortious act. 28 U.S.C. §§ 2401(b), 2675(a). <u>See</u> <u>also</u> <u>Deloria v. Veterans Administration</u>, 927 F.2d 1009, 1011 (7th Cir. 1991). The plaintiff concedes that he has not filed an administrative claim with the Department of Veterans Affairs (Affidavit of Brett Tittle, Docket No. 16 at 2; Affidavit of Michael Newman, Docket No. 9 at 1.) Thus, the plaintiff may not proceed in federal court with a defamation claim regarding the out-of-court statement made by Ms. Stark to the police.

4

**Motion for Reconsideration of Removal and Substitution**

In his January 14, 2008 Opposition to Order Amending Caption and Dismissing Claims against Tiffany Stark, the plaintiff asks the court to return the case to state court. (Docket No. 15 at 4.) In support of his assertion that Ms. Stark acted outside the scope of employment, the plaintiff contends: Ms. Stark was not on duty when she testified, Ms. Stark received a witness payment of $17.00, the Veterans Affairs Police did not charge the plaintiff, and the Veterans Affairs Police Report reflects that the case was initiated by the Brown Deer Police Department. Id. at 3. The plaintiff therefore concludes, "this was not and is not a U.S. Government issue, this is a personal issue." Id.

In response, the defendant argues that Ms. Stark's provision of a statement to the Veterans Affairs Police and testimony at the plaintiff's jury trial were both within the scope of her employment. Specifically, the defendant asserts that Ms. Stark's work duties included answering the phone, that Ms. Stark was interviewed by Veterans Affairs police, and that Ms. Stark gave her statement on a VA form. The defendant further asserts that Ms. Stark's statement contributed to the safety of Veterans Affairs employees and that her trial testimony covered events occurring during her work at the Veterans Hospital and was the logical continuation of her duty to serve her employer by reporting disruptive activity. (Defendant's Response Brief, Docket No. 24 at 5-6.)

The plaintiff filed a reply in which he reiterates his position that Ms. Stark made a "conscious decision to harm the plaintiff" and asserts that she "must be held accountable for her action." (Plaintiff's Response Brief, Docket No. 33 at 9.) The plaintiff argues that Ms. Stark failed to perform her duty as an employee as she failed to report the threat until she was questioned seven

5

days later, and that Ms. Stark was inappropriately positioned if she could overhear calls at an extension when her primary duty was to staff the front desk. Id. at 3-4.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court **shall be removed** without bond at any time before trial by the Attorney General to the district court of the United States ... and the United States **shall be substituted** as the party defendant. This certification of the Attorney General **shall conclusively establish scope of office or employment for purposes of removal.**

28 U.S.C. § 2679(d)(2) (emphasis added). Under the Westfall Act, when a federal employee is sued for wrongful or negligent conduct, the Attorney General may certify that the employee was acting within the scope of employment. Id. The employee is then dismissed from the action, which is governed by the Federal Tort Claims Act (FTCA) in federal court, with the United States substituted as defendant in place of the employee. Osborn v. Haley, 549 U.S. 225, 127 S. Ct. 881, 887-88 (2007). For purposes of removal, the certification is conclusive and the case may not be returned to state court, even if the employee is later determined to have acted outside the scope of his employment. Id. at 894. The plaintiff may, however, challenge the certification for purposes of substitution of parties. Id. See also Barry v. Stevenson, 965 F. Supp. 1220, 1222 (E.D. Wis. 1997). When doing so, "the plaintiff bears the burden of demonstrating that the Attorney General's scope certification was erroneous." Taboas v. Mlynczak, 149 F.3d 576, 582 (7th Cir. 1998)

The question of whether Ms. Stark was acting within the scope of her employment when she provided statements and testimony regarding the plaintiff must be decided under state law. See Id.

6

Under Wisconsin law, an employee's conduct is outside the scope of employment "if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Barry, 965 F. Supp. at 1223. When there is a material dispute as to whether a defendant acted outside the scope of employment, the court may permit reasonable discovery on this issue and then resolve it at a pre-trial evidentiary hearing. Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994). At the evidentiary hearing, the plaintiff bears the burden of proving that the defendant "was acting entirely for personal purposes" rather than having at least some intent to serve the employer. Barry, 965 F. Supp. at 1223. An evidentiary hearing on scope of employment is unnecessary in this case, however, because there is no material dispute regarding the statement to police, and the plaintiff does not state a recognizable claim regarding the trial testimony.

Although the plaintiff contends that Ms. Stark was acting outside the scope of her employment by the Department of Veterans Affairs when she gave a statement to police with "a wrongful motive" (Plaintiff's Reply Memorandum, Docket No. 33 at 8-9), this does not conform with the undisputed facts. It is undisputed that Ms. Stark provided this statement on VA Form 0024 at the Veterans Affairs Hospital on Wednesday, June 21, 2006 regarding phone calls she received, overheard, or was told about while on-duty at the hospital on Wednesday, June 14, 2006. (Copy of Department of Veterans Affairs Police Uniform Offense Report and Witness Statement, Attached to Declaration of Tim Jantz, Docket No. 26 at 4 and 13.) Answering the phone was one of Ms. Stark's primary work responsibilities. (Declaration of Karen Thibedeau, Docket No. 25 at 1.) The plaintiff does not allege that Ms. Stark was off-duty or away from work when she provided this statement, and does not dispute that the statement was provided at the request of Veterans Affairs

7

Police.  (Declaration of Tiffany Stark, Docket No. 27 at 2.)  There can be no material dispute that an employee acts within the scope of her employment when she provides a statement at the workplace on employer-issued forms, at the request of her employer, regarding observations made at the workplace during working hours.

Ms. Stark's testimony at the plaintiff's criminal trial arose from the same workplace events as her written statement, and most likely served her employer's interests in preserving a safe work environment.  See Taboas, 149 F.3d at 582 (7th Cir. 1998) ("... the accusations against Taboas at least in part promoted the employer's interest in a safe workplace.")  The plaintiff alleges that Ms. Stark was off-duty and away from work when she testified, and that she received a witness fee for her testimony.  (Plaintiff's January 14, 2008 Motion for Reconsideration, Docket No. 15 at 3.)  Ms. Stark states that she testified at the request of the District Attorney, and she does not indicate that her employer asked her to testify.  (Declaration of Tiffany Stark, Docket No. 27 at 2.)  An evidentiary hearing on scope of employment is unnecessary because the plaintiff does not state a recognizable claim with regard to Ms. Stark's trial testimony.  As discussed above in the initial screening analysis, the plaintiff's claim relating to Ms. Stark's trial testimony fails due to witness immunity, and the issue of whether Ms. Stark was within the scope of her employment when she testified is therefore moot.

### Other Motions

The plaintiff filed a motion on March 4, 2008 requesting a continuance, stating that he sought additional time to file a reply brief.  (Docket No. 31.)  As the plaintiff timely filed his reply brief on March 7, 2008 (Docket No. 33), the motion for continuance is denied as moot.

8

The defendant filed a motion to strike the plaintiff's request for admissions, arguing that they were improperly addressed and untimely. (Docket No. 34.) That motion is granted, as the requests for admission prior to screening of the complaint were premature.

It should also be noted that the plaintiff filed a motion for appointment of counsel in state court (Plaintiff's December 20, 2007 Motion for Appointment of Counsel, Attached to Docket No. 1). The plaintiff never renewed that motion in federal court and it is denied as moot.

Finally, the court notes that the plaintiff has accumulated four "strikes" in this court, the Eastern District of Wisconsin, for seeking to proceed in forma pauperis in four cases that were dismissed for failure to state a claim. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). Those cases are: 1) Tittle v. Bauer, No. 06-C-1190, 2007 WL 162570, at *5 (E.D. Wis. Jan. 17, 2007); 2) Tittle v. Herbst, No. 06-C-985, 2007 WL 1101286, at *4 (E.D. Wis. Apr. 12, 2007); 3) Tittle v. Wisconsin, No. 07-C-739, 2007 WL 4206965, at *4 (E.D. Wis. Nov. 27, 2007) ; and 4) Tittle v. Flanagan, No. 07-C-947, 2008 WL 1777228, at *3 (E.D. Wis. Apr. 15, 2008). Because the plaintiff received his third and fourth strikes after he filed this case in Milwaukee County Circuit Court on November 6, 2007, and because this case was removed by the United States, those strikes did not prevent him from proceeding in this case.

9

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as failing to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** the defendant's motions to dismiss (Doc. #11) and to strike the plaintiff's request for admissions (Doc. #34) are **GRANTED**.

**IT IS FURTHER ORDERED** the plaintiff's motions for continuance (Doc. # 31), reconsideration (Doc. # 15), and appointment of counsel (Attachment to Doc. # 1) are **DENIED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined, to Susan M. Knepel, Assistant United States Attorney, 530 Federal Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this <u>30th</u> day of June, 2008.

      s/AARON E. GOODSTEIN
U.S. Magistrate Judge
